El Pueblo de Puerto Rico, demandante y apelado, *v.* Emiliano Semidey Rosario, acusado y apelante.

Núm. 7856.—*Sometido:* Noviembre 17, 1939. *Resuelto:* Febrero 16, 1940.

*S. L. Lagarde* y *P. Baigés Gómez,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Emiliano Semidey Rosario fué convicto de poseer un arma prohibida sin haberla declarado ante el Jefe de la Policía del Distrito de Mayagüez, etc. No hay duda de que si el arma presentada en este caso pertenecía al acusado y la misma no fué impropiamente ocupada, el apelante fué convicto debidamente.

Sucede, sin embargo, que un número de personas jugaban a lo prohibido en la casa .de Emiliano Semidey Rosario. La policía obtuvo una orden de allanamiento para registrar la casa y bajo dicha orden examinó el domicilio del acusado; que al sorprender a los jugadores que allí estaban, la policía encontró en una solera del comedor de la residencia del acusado una vaqueta que contenía un revólver con tres balas. Cuando en el curso del juicio salió a relucir que el revólver fué obtenido durante el registro hecho por la policía bajo la orden de allanamiento, el acusado solicitó una prórroga, o de lo contrario, que se suspendiera el caso a fin de dársele la oportunidad de presentar las objeciones correspondientes al uso del allanamiento y la orden en que éste se basó.

La corte declaró sin lugar la moción e igualmente denegó una moción de reconsideración, y estas actuaciones de la

corte inferior son objeto de los tres primeros señalamientos de error.

La médula de la contención del apelante es que él nunca supo nada sobre la expedición de la orden de allanamiento hasta el momento del juicio y que en su consecuencia no había tenido oportunidad de examinarla. La corte resolvió que él había tenido esa oportunidad desde la iniciación del caso, y así se desprendía. El acusado mismo, mientras ocupaba la silla de los testigos, admitió que quizá para un propósito ligeramente distinto, la policía, mientras se hallaba en su casa, le había entregado la orden de registro. Así, pues, el acusado apelante tenía conocimiento de la orden de registro y había tenido la oportunidad de examinarla.

El acusado también dijo que la orden de allanamiento debió haberse unido al expediente, más las objeciones del acusado no se dirigieron a este punto. En realidad no suscitó la cuestión de la suficiencia de la orden de allanamiento.

Desde luego, todos convenimos, conforme indica el fiscal, en que toda persona debe estar protegida de registros y allanamientos ilegales, mas cuando la policía se incauta de un artículo a virtud de una orden de allanamiento y el acusado cree que la incautación es ilegal, él debe dar los pasos necesarios antes del juicio para obtener la devolución de la propiedad. *Pueblo* v. *Cecilio Santiago* (núm. 7671), sentencia *per curiam* de esta corte de fecha 5 de julio 1939, y casos citados.

El cuarto señalamiento de error ataca la suficiencia de la prueba. En verdad, cuando hay un número de personas reunidas y se halla un revólver en una de las soleras de la casa, puede tal vez surgir alguna duda respecto a la propiedad del arma. Sin embargo, el acusado estaba en posesión de la casa y su contenido y en su consecuencia El Pueblo presentó un caso prima facie de dominio que el acusado debió haber refutado a satisfacción de la corte. No lo

hizo así. Además, como no se trató de conseguir la devolución del arma, el fiscal estuvo ·justificado en ofrecerla como prueba.

*Debe confirmarse la sentencia apelada.*