El Pueblo de Puerto Rico, demandante y apelado, *v.* Jesús R. Echevarría, acusado y apelante.

Núm. 9462.—*Sometido:* Junio 23, 1942. *Resuelto:* Julio 8, 1942.

*A. Reyes Delgado* y *P. Santos Borges,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El acusado fué convicto de no haber declarado y registrado un arma de fuego. Fué sentenciado a seis meses de cárcel y ha apelado, señalando dos errores.

El primer error señalado fué la negativa de la corte de distrito a conceder una moción de archivo y sobreseimiento fundada en que la acusación en este caso no fué radicada dentro de los 60 días a partir de la fecha en que el acusado fué detenido para responder (*held to answer*) por este delito, según lo exige el artículo 448 del Código de Enjuiciamiento Criminal. Se celebró una vista separada sobre esta moción con anterioridad al juicio en los méritos.

La base de la moción del acusado fué que se le arrestó el 11 de enero de 1941, acusándosele de jugar a lo prohibido y fué puesto en libertad bajo fianza; que dos horas más tarde nuevamente se le arrestó acusándosele de no haber registrado un arma de fuego y fué puesto en libertad prestando otra fianza. Toda vez que la acusación en este caso fué radicada el 17 de marzo de 1941, más de 60 días a partir del 11 de enero, el acusado por consiguiente alega que su moción de archivo y sobreseimiento debe ser concedida.

El testimonio del policía, sin embargo, fué que había arrestado al acusado únicamente por infracciones a las leyes de rentas internas y juegos prohibidos, aun cuando había reportado subsiguientemente al fiscal de distrito el caso sobre arma de fuego. La corte de distrito se negó a admitir en evidencia una orden de excarcelación del acusado cumplimentada la noche en cuestión. No es necesario que nos detengamos a considerar si bajo ciertas circunstancias tal orden puede correctamente admitirse en evidencia como tendiente a demostrar que un acusado había sido anteriormente arres-

tado. En verdad, el Pueblo está de acuerdo con este punto. Sin embargo, en este caso la orden de excarcelación no tenía valor probatorio alguno, toda vez que el juez de paz que la expidió declaró que la firma en ella contenida era la suya, pero que el delito que se le imputaba había sido borrado después que él la expidió y que alguna otra persona había escrito en su lugar, "Infr. Ley de Rentas Internas, arma sin registrar"; que si él hubiera escrito algo y lo hubiera borrado y cambiado después, hubiera puesto alguna indicación al efecto en la orden.

El fiscal de distrito confirmó la relación hecha por el policía en cuanto a que éste había reportado el caso del arma de fuego. El fiscal de distrito declaró que después que se había cerciorado debidamente que el acusado no tenía registrada el arma de fuego como lo exige la ley, había expedido una orden de arresto el 17 de enero, que fué cumplimentada el 20 de enero. Se admitió esta orden en evidencia. Este procedimiento parece especialmente plausible en este caso toda vez que ni el policía ni el fiscal de distrito estarían inclinados a tomar medidas para arrestar un acusado por un delito de no haber registrado un arma de fuego hasta que se hubieran cerciorado por el encargado de los records de que el acusado no había inscrito el arma de fuego.

La corte de distrito, en vista de los hechos arriba expuestos, resolvió correctamente que la acusación de 17 de marzo fué radicada dentro del período de sesenta días concedido por el estatuto, toda vez que el acusado fué detenido para responder (*held to answer*) por la comisión del delito en este caso por primera vez cuando se le arrestó el 20 de enero mediante la orden de arresto del fiscal de distrito. *Pueblo* v. *Petrovich,* 36 D.P.R. 609; *Ferrer* v. *Corte,* ante, pág. 624, resuelto el 25 de junio de 1942.

■ El segundo error señalado es que el veredicto de culpabilidad fué contrario a la prueba y a la ley. La prueba del Pueblo fué que el 11 de enero de 1941, la policía, en cumplimiento de una orden de allanamiento, allanó el Club

Buenos Aires. én Arecibo, y que el acusado, quien era el Administrador del Club, y otras cuarenta personas que estaban presentes fueron arrestados por jugar a lo prohibido; que el acusado, que estaba a cargo del club, entregó todos los instrumentos al policía; que mientras registraban el club, la policía encontró un escritorio con una gaveta cerrada; que el cabo que estaba a cargo del allanamiento ordenó al acusado que abriera la gaveta; que el acusado envió por la llave y abrió la gaveta, en la cual estaba el revólver envuelto en este caso; que la policía preguntó al acusado si el revólver estaba inscrito, contestando éste en la negativa.

La prueba de la defensa fué que el escritorio era utilizado por clientes del club como un lugar para guardar sus pertenencias, y que el revólver había sido puesto allí por uno de los que estaban presentes aquella noche, quien no se identificó de ninguna otra manera. El acusado negó que el revólver fuera suyo, y declaró en su consecuencia que no sabía si estaba registrado.

El administrador del club no podía, desde luego, ser considerado responsable en todos los casos en que se hallase un revólver dentro del club. Pero en el presente caso hubo prueba, incluyendo la declaración del portero, uno de los testigos del demandado, demostrativa de que este último tenía el control sobre el escritorio, de la que puede razonablemente deducirse que el administrador era dueño del revólver en cuestión. El Pueblo presentó un caso prima facie bajo la autoridad de *Pueblo* v. *Semidey,* 56 D.P.R. 158. El juez de distrito resolvió un conflicto en la prueba en contra del acusado. Nada encontramos en el récord que justifique nuestra intervención en la conclusión a que llegó la corte inferior.

*La sentencia de la corte de distrito será confirmada.*

Los Jueces Asociados Señores Travieso y De Jesús no intervinieron.